# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OMETRIUS PEREZ, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:17-cv-2162(VLB) |
| | : | |
| WARDEN DILWORTH, ET AL., | : | |
| Respondents. | : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Ometrius Perez ("Perez"), incarcerated and *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his state convictions for robbery in the first degree, burglary in the first degree and larceny in the second degree. For the reasons that follow, the Court will not review these claims because those claims are procedurally defaulted and will deny the remaining claims.

## I.    Procedural Background

On April 21, 1994, the State of Connecticut issued a warrant for the arrest of Perez for having committed the offenses of robbery in the first degree, burglary in the first degree and larceny in the first degree on April 16, 1994 in West Redding, Connecticut. *State v. Perez*, 78 Conn. App. 610, 614–15, 828 A.2d 626, 633 (2003). On a subsequent date, the State of New York arrested Perez for unrelated crimes occurring in that state. *Id.* On October 16, 1995, the State of Connecticut sought temporary custody of Perez through the Interstate Agreement on Detainers (IAD). *Id.* A pretransfer hearing was then held in the Dutchess

1

County Supreme Court in New York at the request of Perez. After the hearing, a judge granted the State of Connecticut's request for the temporary removal of Perez to face charges in Connecticut. *Id.*

On May 21, 1996, Connecticut State Police detectives executed the warrant for the arrest of Perez and transported him from the Green Haven Correctional Facility in Stormville, New York to the Troop A state police barracks in Southbury, Connecticut. *Id.* On May 22, 1996, in *State v. Perez*, Case No. DBD-CR96-95711-S, a judge in the Connecticut Superior Court for the Judicial District of Danbury arraigned Perez on one count of robbery in the first degree in violation of Conn. Gen. Stat. § 53a–134 (a)(2), one count of burglary in the first degree in violation of Conn. Gen. Stat. § 53a–101(a)(1) and one count of larceny in the first degree in violation of Conn. Gen. Stat. §§ 53a–119 and 53a–122 (a)(1). *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. B, ECF No. 18-2, at 4.

On August 12, 1996, Perez moved to suppress statements that he made to the two Connecticut State Police detectives who transported him from New York to Connecticut on May 21, 1996. *Id.* at 16-17. On October 24, 1996, a judge held a hearing on the motion to suppress. *See id.*, App. DD, ECF No. 18-41. On November 8, 1996, the judge issued a memorandum of decision denying the motion. *See id.* at App. B, ECF No. 18-2, at 18-29.

On that same date, the jury found Perez guilty of one count of robbery in the first degree and one count of burglary in the first degree, not guilty as to the count of larceny in the first degree and guilty as to the lesser included offense of

2

larceny in the second degree in violation of Conn. Gen. Stat. § 53a–123. *Id.* at 15. On December 20, 1996, a judge sentenced Perez to a total effective sentence of thirty-five years of imprisonment to run consecutively to the sentence that Perez was serving in the State of New York. *Id.*

Perez appealed his conviction on eight grounds.[1] He argued that:

(1)the trial court improperly denied his motion to suppress the statements he made while being transported from New York to Connecticut, (2) the police improperly questioned him without the presence of counsel, and the court improperly found that he knowingly, intelligently and voluntarily waived his *Miranda* rights prior to being questioned, (3) the prosecutor engaged in misconduct, (4) the defendant was deprived of his right to a speedy trial, (5) his right to the effective assistance of counsel was violated when the court prohibited him from orally communicating with his attorney, (6) his fifth amendment right against double jeopardy was violated when he was convicted of burglary in the first degree and robbery in the first degree, (7) the court improperly instructed the jury and (8) there was insufficient evidence to convict him of burglary in the first degree and robbery in the first degree.

*Perez*, 78 Conn. App. at 612–13, 828 A.2d at 632.

On August 12, 2003, the Appellate Court affirmed the judgment of conviction. *Id.* at 646, 828 A.2d 626 at 650. On September 8, 2004, the Connecticut Supreme Court denied the petition for certification to review the decision of the Connecticut Appellate Court. *See State v. Perez*, 271 Conn. 901, 859 A.2d 565 (2004).

---

[1]  The first three grounds were included in a brief filed by an attorney who had been appointed to represent Perez on appeal and the remaining five grounds were asserted by Perez in a supplemental *pro se* brief. *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, Apps. D, P, ECF Nos. 18-4, 18-17. Counsel withdrew as

On August 10, 2006, Perez filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Perez v. Warden*, No. TSR-CV06-4001319-S. On August 9, 2011, a judge issued a memorandum of decision denying all grounds raised in the amended state habeas petition. *See Perez v. Warden*, No. CV064001319, 2011 WL 4347038, at *2 (Conn. Super. Ct. Aug. 19, 2011)

On appeal from the decision denying the state habeas petition, Perez raised eight grounds of ineffective assistance of trial counsel. *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. X, ECF No. 18-26, at 3-7. On February 7, 2017, the Connecticut Appellate Court dismissed the appeal from the decision of the trial court dismissing the habeas petition. See *Perez v. Comm'r of Correction*, 170 Conn. App. 906, 154 A.3d 90 (2017) (per curiam). On April 5, 2017, the Connecticut Supreme Court denied the petition for certification to review the decision of the Connecticut Appellate Court. *See Perez v. Comm'r of Correction*, 325 Conn. 909, 158 A.3d 319 (2017). Perez commenced this action on December 27, 2017, having exhausted his state remedies.

II.   Facts

The jury reasonably could have found the following facts.

At approximately 2 a.m. on April 16, 1994, the victim, Paul Levine, was awakened from sleep when somebody turned on the ceiling light in his bedroom. Upon awakening, Levine saw [Perez] holding a gun in the doorway of the bedroom. [Perez] ordered Levine, at gunpoint, to keep his head down or he would kill him. [Perez] then took cash and jewelry from Levine valued at between $10,800 and $10,900.

---

Perez's attorney before the Connecticut Appellate Court issued its decision.

> Levine was then ordered to go into his bathroom and not to leave. Shortly after entering the bathroom, Levine heard the front screen door close. Levine then called 911. The defendant subsequently was arrested in New York on May 21, 1996 and transported to Connecticut.

*Perez*, 78 Conn. App. at 613, 828 A.2d at 632–33.

III.   <u>Standard of Review</u>

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. *See* 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of *state* law is not cognizable in the federal court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). A federal court cannot grant a state prisoner's petition for a writ of habeas corpus with regard to any claim that was rejected on the merits by the state court, unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). That standard is very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013).

Clearly established federal law is found in "holdings," not "dicta," of the Supreme Court at the time of the state court decision. *Howes v.* Fields, 565 U.S. 499, 505 (2012) (internal quotation marks and citation omitted. "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "therefore cannot form the basis for habeas relief." *Parker v. Matthews*, 567 U.S. 37, 48 (2012) (quoting 28 U.S.C. § 2254(d)(1)). The law in question may be either a "generalized standard" or a "bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002).

A decision is "contrary to . . . clearly established Federal law" when the state court "applies a rule different from the governing law set forth" by the Supreme Court or when it "decides a case differently than [the Supreme Court] has done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). A decision "involve[s] an unreasonable application of . . . clearly established Federal law" when the state court has correctly identified the governing law, but applies that law "unreasonably to the facts of a particular prisoner's case, or refuses to extend a legal principle that the Supreme Court has clearly established to a new situation in which it should govern." *Davis v. Grant*, 532 F.3d 132, 140 (2d Cir. 2008) (internal quotation marks and citation omitted). It is not enough that "a federal court believes the state court's determination was incorrect" or erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Rather, the state court's application of clearly established law must be "objectively

unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation marks and citations omitted). Thus, a state prisoner must show that the challenged court ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Burt v. Titlow*, 571 U.S. 12, 20 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction").

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner bears the burden to rebut that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is "highly deferential" and "difficult [for petitioner] to meet"). In addition, the federal court's "review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 563 U.S. at 181.

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it,

7

in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted).

An important "corollary" to the exhaustion requirement is the doctrine of procedural default. *Dretke v Kindler*, 558 U.S. 53, 55 (2004). Pursuant to that doctrine, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). The Supreme Court has observed that when a state court denies or declines to review a federal claim because the petitioner failed to meet a state procedural rule or requirement, the petitioner has deprived the state court of the opportunity to address the merits of that claim. *See Coleman v. Thompson*; 501 U.S. 722, 731-32 (1991). Thus, "the procedural default doctrine . . . advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila*, 137 S. Ct. at 2064.

Exceptions to the doctrine barring procedurally defaulted claims from being heard in federal court exist. A state prisoner may obtain federal habeas review despite having defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule if he can demonstrate cause for the

8

default and actual prejudice resulting from the default. *See id.* at 2064-65. Procedural default may also be excused if a petitioner "can demonstrate a sufficient probability that [the habeas court's] failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Coleman,* 501 U.S. at 750).

## IV.   Discussion

Perez asserts five grounds in the present petition. He argues that the trial court erred in failing to dismiss the information due to a violation of the speedy trial provisions of the IAD; the trial court denied him the assistance of counsel during the hearing on a motion to suppress; the trial court's instructions to the jury were misleading and inadequate; insufficient evidence existed to support his convictions for burglary in the first degree and robbery in the first degree; and trial counsel was ineffective in eight different ways. *See* Pet. Writ Habeas Corpus, ECF No. 1, at 9-19, 22-31, 36-38, 42-52.

### A.   Interstate Agreement on Detainers

Perez argues that the trial court erred in not dismissing the information charging him with the offenses of burglary, robbery and larceny on the ground that it violated the requirement under the IAD that he be tried within 120 days of the date that he arrived in Connecticut. Perez exhausted this claim by raising it on direct appeal to the Connecticut Appellate and Supreme Courts.

Article IV (c) of the IAD provides that the "trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good

cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Conn. Gen. Stat. § 54–186. The Connecticut Appellate Court found the following facts relevant to this claim.

> Following a hearing in New York, the defendant was transferred to Connecticut pursuant to the IAD on May 21, 1996. On September 20, 1996, the defendant sought dismissal of the charges, claiming that his trial had not commenced within 120 days of his arrival in Connecticut. At the hearing, the defendant argued that the statutory time limit expired on September 18, 1996. The state then argued that as a result of the defendant's requests for continuances, the time limit was not to expire for another six weeks. The defendant agreed with the state's representation to the court that his attorneys had asked for the continuances; however, he stated that he did not agree with the continuances. The court, *Stodolink, J.,* rejected the defendant's argument, finding that the 120 day period did not expire because it was tolled for a total of six weeks and one day since his arrival in Connecticut on May 21, 1996.

*Perez*, 78 Conn. App. at 629–30, 828 A.2d at 641.

In reviewing this claim, the Connecticut Appellate Court noted that the 120-day period under the IAD commenced on May 21, 1996, when officers transported Perez from New York to Connecticut. The court concluded, however, that the record of proceedings in the trial court clearly reflected "that the defendant had asked for and was granted continuances totaling seven weeks, which tolled the statutory time period. Therefore, the required time in which the defendant's trial must have commenced was extended by seven weeks to November 6, 1996." *Id.* at 633, 828 A.2d at 643. The State of Connecticut commenced the trial within the statutory time period set forth in the IAD on October 16, 1996, and the jury was sworn in on October 24, 1996." Thus, the Appellate Court ruling upholding the trial judge's determination that

the Perez trial "was timely was legally and logically correct, finding support in the facts that appear in the record." *Id.*

The United States Supreme Court has observed that although the "IAD is indeed state law, it is a law of the United States as well." *Reed v. Farley,* 512 U.S. 339, 342 (1994) (citing *Carchman v. Nash,* 473 U.S. 716, 719 (1985); *Cuyler v. Adams,* 449 U.S. 433, 438-42 (1981)). In *Reed*, the Supreme Court held that a "state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." *Id.* at 352. Here, the Connecticut Appellate Court ruled the trial judge granted Perez extensions of time to commence jury selection. Thus, because Perez requested the delay rather than opposing it, he waived his right to an earlier trial.

Further, Perez does not allege he was prejudiced by the delay he requested. *See Reed*, 512 U.S. at 353 ("[Reed] does not suggest that his ability to present a defense was prejudiced by the delay. Nor could he plausibly make such a claim. Indeed, asserting a need for more time to prepare for a trial that would be "fair and meaningful," is the antithesis of prejudice. App. 128, Reed himself *requested* a delay beyond the scheduled September 19 opening."). Thus, the Connecticut Appellate Court ruling that the trial court did not violate the 120-day requirement set forth in IAD by refusing to dismiss the information as untimely is not an unreasonable application of Supreme Court law. This claim is denied.

**B.**   <u>**Denial of Assistance of Counsel – Suppression Hearing**</u>

On direct appeal, Perez argued that the trial judge restricted him from unlimited oral communication with his attorney during the suppression hearing and that this prohibition violated his Sixth Amendment right to counsel. The Connecticut Appellate Court declined to review this claim on the ground that Perez had not requested review of it under either the plain error doctrine or under *State v. Golding,* 213 Conn. 233, 239–40, 567 A.2d 823, 827-28 (1989). *See Perez*, 78 Conn. App. at 634, 828 A.2d at 644.

Respondents contend that the claim is procedurally defaulted because the appellate court declined to address it due to the failure of Perez to meet an adequate and independent state procedural rule. Respondents further argue that this court may not review the defaulted claim absent a showing by Perez of cause for, and prejudice from, the failure to raise the claim.

Under the procedural default doctrine, review by a district court of the merits of a claim raised in a habeas petition is unavailable if (1) the "state court . . . declined to address . . . the claim because the prisoner had failed to meet a state procedural requirement, and (2) the state [court] judgment [or decision] . . . rests on independent and adequate state procedural grounds." *Walker v. Martin*, 562 U.S. 307, 315-16 (2011) (internal quotation marks and citation omitted). A state rule or requirement must be "firmly established and regularly followed" by the state court in question "[t]o qualify as an adequate procedural ground." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation and citation omitted).

The Court finds the procedural rule requiring an appellant to request review in their appellate brief was definite, well-established and regularly applied in 2003 when the Connecticut Appellate Court declined to review Perez's denial of assistance of counsel claim. *See e.g., State v. Constantopolous*, 68 Conn. App. 879, 893, 793 A.2d 278 (2002); *State v. Rodriguez*, 68 Conn. App. 303, 308, 791 A.2d 621 (2002); *State v. Hermann*, 38 Conn. App. 56, 65, 658 A.2d 148, *cert. denied*, 235 Conn. 903, 665 A.2d 904 (1995); *Baker v. Cordisco*, 37 Conn. App. 515, 522 n. 4, 657 A.2d 230 (1995); *State v. Carter*, 34 Conn. App. 58, 91-92, 640 A.2d 610 (1994); *State v. Johnson*, 26 Conn. App. 433, 438, 602 A.2d 36, *cert. denied*, 221 Conn. 916, 603 A.2d 747 (1992).

Because the Appellate Court declined to consider the claim of trial court error related to interference with Perez's right to the assistance of counsel during the suppression hearing due to the failure of Perez to adhere to an established and regularly applied Connecticut rule of procedure, this Court holds the claim was procedurally defaulted.

The claim is reviewable only if Perez can demonstrate cause for the default and actual prejudice resulting from the default or he can show that failure to consider the claim will result in a fundamental miscarriage of justice. *See Edwards,* 529 U.S. at 451 (citations omitted). To establish cause to overcome a procedural default, the petitioner must identify "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). "A factor is external to the defense if it cannot fairly be attributed to the prisoner." *Davila*, 137 S. Ct. at 2065 (internal quotation marks and citation omitted). Legitimate

external factors include interference by state officials impeding compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). In addition, attorney error is an objective external factor providing cause for excusing a procedural default, but only if that error amounted to a deprivation of the constitutional right to effective assistance of counsel. See Edwards, 529 U.S. at 451. Perez offers no evidence or facts to support the existence of cause for the default of the claim or that he suffered any prejudice from the default.

The Supreme Court has held that a district court retains jurisdiction to review a habeas petition filed pursuant to 28 U.S.C. § 2254 even if a petitioner has failed to show cause or prejudice for procedural default "in the extraordinary instance[] when a constitutional violation probably has caused the conviction of one innocent of the crime." *Murray,* 477 U.S. at 496. "In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). This exception to the cause and prejudice standard for consideration of defaulted claims is referred to as the "fundamental miscarriage of justice exception.'" *See id.* (quoting *Herrera v. Collins,* 506 U.S. 390, 404 (1993)).

It is a difficult task to establish actual innocence. A petitioner must demonstrate that "in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (internal quotation marks and citation omitted). Furthermore, actual

14

innocence requires "factual innocence, not mere legal insufficiency." *Id.* An actual innocence claim is not credible unless the petitioner "support[s] his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Such a claim may not be "based on trial evidence, [where] courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell,* 547 U.S. 518, 538 (2006).

Perez has not shown any probability that this Court's failure to review his claim of trial court error would result in a fundamental miscarriage of justice, as he has offered no new evidence, scientific or otherwise, showing his actual innocence. Thus, Perez has not met the fundamental miscarriage of justice exception to the procedural default doctrine. Accordingly, the Court may not review the claim of trial court error about the restriction on Perez's right to communicate with his attorney during the suppression hearing because it is procedurally defaulted. The claim is dismissed.

C.    Inadequate Jury Instructions

Perez contends that the trial judge's instructions to the jury on the elements of the charges of robbery in the first degree, burglary in the first degree and burglary in the second degree were inadequate or confusing and deprived him of his Fourteenth Amendment right to due process, a fair trial and the right to be convicted on all essential elements of the crimes charged based on proof beyond a reasonable doubt.

15

The adequacy of a state jury charge is generally a question of state law and is not reviewable in a federal habeas corpus petition absent a showing that the charge deprived the defendant of a federal constitutional right. *See Cupp v. Naughten*, 414 U.S. 141, 146 (1973).

To warrant habeas corpus relief with regard to an improper jury instruction, the petitioner must establish that the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147). A petitioner must show "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed by the Fourteenth Amendment." *Cupp*, 414 U.S. at 146. When analyzing a claim of an improper jury instruction, the Court must examine the instruction in the context of the charge as a whole and the entire trial record. *See Francis v. Franklin*, 471 U.S. 307, 315 (1985). "If the charge as a whole is ambiguous, the question is whether there is a "'reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (quoting *Estelle*, 502 U.S. at 72).

1.   <u>Jury Instruction on Robbery in the First Degree</u>

Although Perez raises a claim that the trial judge improperly instructed the jury on the count of robbery in the first degree, he does not explain how the instruction was deficient. Consequently, Perez is not entitled to the relief sought, having failed to meet his burden of persuasion.

Furthermore, he did not raise this claim on direct appeal, and it is not apparent

that he raised the claim in his state habeas petition or on appeal from the denial of the petition. Thus, the claim is not exhausted as required by 28 U.S.C. § 2254(b)(1)(A).

Even if a claim has not been exhausted in state court, however, a federal court may deem it exhausted if it determines that the state judicial system provides no available avenues for review of the claim. *See* 28 U.S.C. § 2254(b)(3) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure the question presented"); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (if a claim is not exhausted because it has never been raised in a state court, "a federal court may theoretically find that there is an absence of available corrective process if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile"). Such a claim, however, must also be deemed procedurally defaulted. *Id.* ("[W]hen the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.") (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)).

It is not apparent that Perez has an avenue in state court to raise this claim of improper jury instruction because the claim is one that should have been raised on direct appeal. Furthermore, Perez was acting as his own attorney in raising his other claims of improper jury instructions on direct appeal. Thus, he could not attempt to

exhaust the improper jury instruction claim related to the robbery charge by raising it in a new state habeas petition as part of an ineffective assistance of counsel claim. *See Charles v. Lantz*, No. 3:09CV588 MRK, 2010 WL 5113803, at *6 (D. Conn. Dec. 9, 2010) ("One who exercises the right of self-representation cannot contend that he received ineffective assistance of counsel.") (internal quotation marks and citation omitted).

Thus, the claim that the trial court failed to properly instruct the jury on the charge of robbery in the first degree is procedurally defaulted. Perez must demonstrate cause and prejudice or a miscarriage of justice to permit the Court to review this defaulted claim.

Perez offers no evidence or facts to support the existence of cause for the default of this jury instruction claim. Nor has he demonstrated that he will suffer any prejudice from the default. In addition, Perez has not shown any probability that this court's failure to review his claim of deficient jury instruction on the charge of robbery in the first degree would result in a fundamental miscarriage of justice, as he has offered no new evidence, scientific or otherwise, showing his actual innocence. Thus, Perez has not met the fundamental miscarriage of justice exception to the procedural default doctrine. Accordingly, the Court may not review the claim of improper jury instruction on the charge of robbery in the first degree because it is procedurally defaulted. The claim is dismissed.

### 2. Jury Instructions on Burglary in the First and Second Degree

On direct appeal, Perez argued that the trial judge did not adequately define the building element of the offense of burglary in the first degree; the trial judge did not instruct the jury on the charge of burglary in the second degree; and the trial judge improperly changed the state's burden of proof on the charge of burglary in the second degree with a firearm. *Perez*, 78 Conn. App. at 635-38, 828 A.2d at 645-46. The Connecticut Appellate Court addressed these three contentions. *See id.*

Although the Connecticut Appellate Court's analysis of the claim relied on state law, it applied a standard of review consistent with Supreme Court precedent. *Id.* at 635, 828 A.2d at 644. Because the Connecticut Appellate Court applied the correct legal principles, the decision is not contrary to federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that state court need not be aware of nor cite relevant Supreme Court cases, as long as the reasoning and decision do not contradict the applicable law). Thus, the Court considers whether the analysis of the Connecticut Appellate Court was an unreasonable application of Supreme Court law.

Connecticut law provides, in pertinent part: "A person is guilty of burglary in the first degree when (1) such person enters or remains unlawfully in a building with intent to commit a crime therein and is armed with explosives or a deadly weapon or dangerous instrument. . . ." Conn. Gen. Stat. § 53a-101(a). In reviewing the instruction given by the judge as to the offense of burglary in the first degree, the Appellate Court noted that the trial judge defined building in its ordinary meaning to include a structure that may be used by a human being as a dwelling or a business. *Perez*, 78

Conn. App. at 635-36, 828 A.2d at 645-46. Perez offered no explanation as to why this definition of building was inadequate. Further, for purposes of the burglary statute, the term building has "its ordinary meaning." Conn. Gen. Stat. § 53a-100(a).

The Appellate Court held that the trial judge's instruction on this element of the offense was a proper statement of the law and that it was clear that the charge, as read as a whole, did not mislead the jury. *Id.* Viewing the charge in context, the Appellate Court reasonably applied Supreme Court law in concluding the instruction on the elements of burglary in the first degree was not so ambiguous as to mislead the jury. This jury instruction claim is denied.

With regard to the claim that the judge failed to charge the jury on the offense of burglary in the second degree in violation of Conn. Gen. Stat. § 53a-102, the Appellate Court observed that Perez had not requested a charge as to that offense. *Id.* at 637, 828 A.2d at 645. Rather, Perez had only sought a jury instruction as to the offense of burglary in the second degree with a firearm in violation of Conn. Gen. Stat. § 53a-102a. In reviewing the jury charge as a whole, the Appellate Court concluded that the instruction regarding the offense of burglary in the second degree with a firearm would not have misled the jury. The Appellate Court reasonably applied Supreme Court law in in its determination that the trial judge's instructions on burglary in the second degree with a firearm provided the jury with sufficient guidance regarding the elements of that offense. Accordingly, this jury instruction claim is denied.

D.     **Insufficient Evidence**

Perez argues that the State of Connecticut failed to meet its burden of proving all the elements of the charge of burglary in the first degree and robbery in the first degree. The respondent contends that the Connecticut Appellate Court reasonably applied Supreme Court law to the claim that there was insufficient evidence to support the conviction for burglary in the first degree and that Perez procedurally defaulted the claim that there was insufficient evidence to support the conviction for the charge of robbery in the first degree.

The Due Process Clause prohibits conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship,* 397 U.S. 358, 364 (1970). When a defendant or petitioner challenges the sufficiency of the evidence used to convict him, the Court must "view[] the evidence in the light most favorable to the prosecution" and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge unless the state court decision was "objectively unreasonable." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (quoting *Renico*, 559 U.S. at 772). The Supreme Court "h[as] made clear that *Jackson* claims[—*i.e.*, *habeas* claims asserting insufficiency of the evidence—] face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference," one layer of deference to the jury, and a second layer of deference to the reviewing State court. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citation omitted).

1.   <u>**Burglary in the First Degree**</u>

On direct appeal, Perez claimed that the prosecution presented insufficient evidence for the jury to find him guilty of burglary in the first degree under Connecticut General Statutes § 53a-101(a)(1). In deciding whether sufficient evidence had been presented, the Connecticut Appellate Court applied the standard articulated by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Perez*, 78 Conn. App. at 643-46. Because the Connecticut Appellate Court applied the correct legal principles, the decision is not contrary to federal law. *See Early*, 537 U.S. at 8 (state court need not be aware of nor cite relevant Supreme Court cases, as long as reasoning and decision do not contradict applicable law). Thus, the Court considers whether the analysis of the Connecticut Appellate Court was an unreasonable application of Supreme Court law.

The Connecticut Appellate Court reviewed Connecticut General Statutes § 53a-101(a)(1) and determined that there was nothing in the language of the statute that suggested the legislature intended to exclude a dwelling from the definition of building. Conn. Gen. Stat. § 53a-100(a) provides that "[t]he following definitions are applicable to this part: (1) "Building" in addition to its ordinary meaning, includes any watercraft, aircraft, trailer, sleeping car, railroad car or other structure or vehicle or any building with a valid certificate of occupancy." The Appellate Court examined various dictionary definitions of the word building and concluded that the ordinary meaning of that word included a dwelling. Furthermore, the legislative history of the enactment of the burglary statute offered no support for Perez's contention that the

word building did not include a dwelling because it was silent on the issue. Plainly, the term building is broader than and includes a dwelling.

The Appellate Court concluded that the evidence that the burglary was committed in the residence or dwelling of the victim was undisputed. At trial, the victim testified that Perez unlawfully entered his residence with a weapon. The police recovered Perez's fingerprint on the interior glass of the laundry room at the point of entrance into the residence. Thus, the State of Connecticut offered sufficient evidence for a reasonable jury to find that Perez committed burglary in the first degree. The Appellate Court's conclusion that sufficient evidence existed to support the conviction of Perez on the charge of burglary in the first degree was not an unreasonable application of Supreme Court law. This sufficiency of the evidence claim is denied.

### 2.    Robbery in the First Degree

In the heading of the section in his supplemental brief raising the sufficiency of the evidence claim on direct appeal, Perez contended that insufficient evidence supported his conviction for robbery in the first degree. He included no argument or support for this claim in the body of his supplemental brief. *See* Resp'ts' Mem Opp'n Pet. Writ Habeas Corpus, ECF No. 18-17, App. P. Perez attempted to offer support for this claim of insufficient evidence in his reply brief. *See* ECF No. 18-20, App. R. The Connecticut Appellate Court, however, refused to address the claim because Perez had failed to adequately present it as required by Connecticut's rules of procedure regarding the briefing of claims. *See Perez*, 78 Conn. App. at 645-46 & n. 14. The

23

respondent contends that the claim is procedurally defaulted because the appellate court declined to address it due to the failure of Perez to meet an adequate and independent state procedural rule. The respondent further argues that this Court may not review the defaulted claim absent a showing by Perez of cause for, and prejudice from, the failure to raise the claim.

As set forth above, under the procedural default doctrine, review by a district court of the merits of a claim raised in a habeas petition is unavailable if (1) the "state court . . . declined to address . . . the claim because the prisoner had failed to meet a state procedural requirement, and (2) the state [court] judgment [or decision] . . . rests on independent and adequate state procedural grounds." *Walker*, 562 U.S. at 315-16 (internal quotation marks and citation omitted). The Court concludes that the procedural rule governing the necessity of providing an adequate record for review and presenting all arguments in the initial appellate brief was definite, well-established and regularly applied in 2003 at the time of the decision by the Connecticut Appellate Court to decline to review Perez's insufficiency of the evidence claim. *See e.g.,* Conn. Prac. Book § 60-5 ("It is the responsibility of the appellant to provide an adequate record for review as provided in Section 61-10"); Conn. Prac. Book § 67-4 (setting forth specific requirements for contents and organization of Appellant's brief); *In re Shane P.*, 58 Conn. App. 234, 243–44, 753 A.2d 409, 415 (2000) ("The respondent's brief consists of one page with minimal citations, negligible reasoning and no constitutional analysis. "We are not required to review issues that have been improperly presented to this court through an inadequate brief.... Analysis,

rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly."); *State v. Salvatore,* 57 Conn. App. 396, 401, 749 A.2d 71, 74 (2000)("[C]laims on appeal that are inadequately briefed are deemed abandoned.... This rule applies to claims that the defendant is entitled to ... *Golding* review."); *Ham v. Greene,* 248 Conn. 508, 528, n. 11, 729 A.2d 740, 753, n.11 (1999) ("Rather than analyze the trial court's reasoning with regard to any of these claims, the defendants merely assert, in a conclusory manner, that the trial court acted improperly. Consequently, they do not merit review.") (citations omitted); *Butler v. Hartford Technical Institute, Inc.,* 243 Conn. 454, 465, n. 11, 704 A.2d 222, 224, n.11 (1997) ("Claimed errors not adequately briefed and not fully developed will not be considered by this court.") (citations omitted); *State v. Edward B.*, 72 Conn. App. 282, 302 n. 12, 806 A.2d 64, *cert. denied*, 262 Conn. 910, 810 A.2d 276 (2002) (it is a well-established principle that arguments cannot be raised for the first time in a reply brief); *Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp.*, 245 Conn. 1, 48 n. 42, 717 A.2d 77 (1998) (same); *State v. Wilchinski*, 242 Conn. 211, 217 n. 7, 700 A.2d 1 (1997) (same).

Because the Appellate Court declined to consider the sufficiency of evidence claim related to Perez's conviction for robbery in the first degree due to the failure of Perez to comply with established and regularly applied Connecticut rules of procedure, this Court considers the claim to have been procedurally defaulted. The claim is reviewable only if Perez can demonstrate cause for the default and actual prejudice resulting from the default or he can show that failure to consider the claim

will result in a fundamental miscarriage of justice. *See Edwards,* 529 U.S. at 451 (citations omitted).

Perez offers no evidence or facts to support the existence of cause for the default of the sufficiency of the evidence claim related to his conviction for robbery in the first degree. Nor has he shown that he suffered any prejudice from the default. In addition to failing to show cause and prejudice from the default, Perez has not demonstrated any probability that this Court's failure to review his claim of insufficiency of evidence would result in a fundamental miscarriage of justice, as he has offered no new evidence, scientific or otherwise, showing his actual innocence. Thus, Perez has not met the fundamental miscarriage of justice exception to the procedural default doctrine. Accordingly, the Court may not review the claim that insufficient evidence existed to support the jury's finding that he was guilty of robbery in the first degree because the claim is procedurally defaulted. This insufficiency of the evidence claim is denied.

     E.   <u>Ineffective Assistance of Counsel</u>

Perez asserts eight separate ways in which trial counsel was allegedly ineffective at trial or at sentencing. Respondents argue that the Connecticut Superior Court reasonably applied federal law in concluding that Perez had not demonstrated prejudice because of any of the eight ways in which he claimed counsel's performance was ineffective or deficient.

On July 18, 2011 and August 19, 2011, a Connecticut Superior Court judge presided over hearings held to address the claims raised by Perez in a third amended

habeas petition filed in *Perez v. Warden*, No. TSR-CV06-4001319-S. *See* Resp'ts' Mem Opp'n Pet. Writ Habeas Corpus, Apps. EE, ECF Nos. 18-51, 18-52. Perez was represented by counsel at the hearings and he and a witness named Linda Romney offered testimony. *See id.*, App. EE, ECF No. 18-51. The attorney who represented Perez in his criminal trial was unavailable and did not appear or testify at the hearing. *See id.*, App. EE, ECF No. 18-51, at 135.

An ineffective assistance of counsel claim is reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner must demonstrate, first, that counsel's conduct was "deficient" in that it "fell below an objective standard of reasonableness" established by "prevailing professional norms." *Id.* at 687-88. The Court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions. *See id.* at 690 (in assessing deficient performance, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment").

Second, a petitioner must demonstrate that the deficient performance of counsel prejudiced him. *See Strickland*, 466 U.S. 687. To satisfy the prejudice prong, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial. *Id.* at 694.

To succeed on the ineffective assistance of counsel claim, a petitioner must

demonstrate both deficient performance and sufficient prejudice. *Id.* at 700. Thus, if the Court finds one prong of the standard lacking, it need not consider the remaining prong. *See id.* at 697, 700.

The Court will consider the last reasoned state court decision that addressed the ineffective assistance of counsel claims to determine whether that decision is an unreasonable application of federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). In analyzing Perez's ineffective assistance of counsel claims, the Connecticut Superior Court did not cite *Strickland* but did refer to the two prongs of the ineffective assistance standard set forth in *Strickland*. *See Perez*, 2011 WL 4347038, at *1. Because the Connecticut Appellate Court applied the correct legal principles, the decision is not contrary to federal law. *See Early*, 537 U.S. at 8. Thus, the Court considers whether the analysis of the Connecticut Superior Court was an unreasonable application of Supreme Court law.

### 1.    Sub-Claim A

In this Sub-Claim A, Perez contends that trial counsel failed to conduct a pretrial investigation to determine the facts relevant to the merits, defenses and punishments. Pet. Writ Habeas Corpus at 48. The habeas court concluded that Perez did not established prejudice as to this alleged deficiency of trial counsel. *Perez*, 2011 WL 4347038, at *1.

Respondents contend that Perez did not identify the witnesses or other evidence that trial counsel would have discovered had he engaged in a more thorough pretrial investigation. At the hearings held in connection with the state

habeas, Perez did not identify any evidence to support his claim that a pretrial investigation would have yielded exculpatory evidence or the evidence which would have been offered but for his counsel's failure to conduct an investigation. The Connecticut Superior Court reasonably applied the law in concluding Perez did not demonstrate he was prejudiced by his counsel's failure to conduct a pretrial investigation.

### 2.    Sub-Claim C

In this Sub-Claim, Perez argues that trial counsel failed to call a fingerprint expert to contradict the testimony of the fingerprint expert offered by the State of Connecticut at trial. The habeas court concluded that Perez had not established prejudice as to this alleged deficiency of trial counsel. *Perez*, 2011 WL 4347038, at *1.

Perez did not call a fingerprint expert to testify at the habeas hearing. Further, when asked what information another fingerprint expert might have offered at trial, Perez was unable to state that such an expert could offer testimony that would have contradicted the testimony of the State's expert. *See* Resp'ts' Mem Opp'n Pet. Writ Habeas Corpus, App. EE, ECF Nos. 18-51, Hab. Tr. at 65-66, 69-71. Thus, Perez did not offer evidence that calling an independent fingerprint expert would have altered the outcome of the trial. The Connecticut Superior Court judge reasonably applied *Strickland* in holding Perez failed to demonstrate he was prejudiced by his counsel's failure to call a fingerprint expert because he failed to demonstrate it would have altered the outcome of the trial.

### 3.    Sub-Claims B and E

In Sub-Claim B, Perez argued that trial counsel failed to interview him before the suppression hearing and investigate facts regarding his alleged confession made to the two Connecticut State Police detectives who transported him from New York to Connecticut. Perez claimed that counsel also prevented him from testifying at the suppression hearing. Pet. Writ Habeas Corpus at 48-49. In Sub-Claim E, Perez contends that counsel failed to object to the trial judge's restriction on his opportunities to communicate and ask questions during the suppression hearing. Counsel also failed to object to the trial judge's confiscation of his notes taken during the hearing and copies of the questions Perez asked his counsel. *Id.* at 50. The state habeas court concluded Perez did not establish he was prejudice by these alleged deficiencies. *Perez*, 2011 WL 4347038, at *1.

The transcript of the habeas hearing reflects that Perez did not explain the nature of the information trial counsel would have uncovered if he had conducted an investigation prior to the suppression hearing. Furthermore, Perez did not state that trial counsel told him that he could not testify at the suppression hearing. Rather, counsel advised Perez not to testify. *See* Resp'ts' Mem Opp'n Pet. Writ Habeas Corpus, App. EE, ECF No. 18-51, Hab. Tr. at 45. Put more succinctly, counsel advised Perez he should not testify; counsel did not tell him he could not testify. Perez did not pursue it further, accepted the advice and chose not to testify. During the habeas hearing, Perez indicated that had he testified at the suppression hearing, he would have argued that the state police detective took his conversation out of context. *Id.* at 57. Given Perez's testimony at the habeas hearing, the Connecticut Superior Court's

conclusion that the outcome of the suppression hearing would not have been different if counsel had conducted an investigation and had called Perez to testify was not an unreasonable application of the prejudice prong of *Strickland*. This is because Perez's testimony was unlikely to have altered the outcome. Further, given the irrefutable evidence against Perez, his counsel's advice not to testify and subject himself to cross examination was a sound strategic decision.

As discussed above, Perez asserted a claim on direct appeal that the trial judge denied him the right to counsel during the suppression hearing when the judge prohibited him from asking his attorney questions. The Connecticut Appellate Court declined to address the claim on procedural grounds but noted that the trial judge's restriction on when Perez could speak to counsel during the suppression hearing was reasonable and did not violate Perez's right to counsel. *Perez*, 78 Conn. App. at 634 n.12, 828 A.2d at 644 n.12.[2]

Respondents contend that a failure to object to the trial court's order regarding

---

[2] The Connecticut Appellate Court explained that:
> Even if we were to review the defendant's claim, it would fail. The court, after noticing that the defendant had tried to speak to his attorney after every question he asked, informed the defendant that he was no longer to interrupt his attorney's questioning of the witness. The court gave the defendant a pad and pen to write down anything he would like to speak to his attorney about and stated that he would give the defendant an opportunity to talk to his attorney after questioning each witness. The court did not prohibit the defendant from speaking to his attorney. Rather, the court only restricted the defendant from speaking to his attorney after every question. "[T]he Sixth Amendment right to counsel does not permit unfettered communication between the accused and his lawyer during trial proceedings." *Jones v. Vacco*, 126 F.3d 408, 415–16 (2d Cir.1997). Accordingly, because the court did not prohibit the defendant from speaking to his attorney but placed only a reasonable restriction on when that communication could take place, the

communication with Perez was not ineffective because the Appellate Court upheld the order. Furthermore, Perez did not offer evidence that had counsel objected to the trial court's restriction on when and how often Perez could communicate with him during the suppression hearing, the outcome of the suppression hearing would have been different. The Connecticut Superior Court reasonably applied *Strickland* to conclude that Perez had failed to meet the prejudice prong.

### 4.  Sub-Claim D

Perez argues that trial counsel neglected to engage in a meaningful investigation of the facts related to the warrantless search and seizure of the firearm that was used during the burglary, larceny and robbery offenses that he was charged with committing and failed to move to suppress the firearm. Perez contended that the failure to challenge or investigate the warrantless search and seizure "deprived [him] of a meritorious Fourth Amendment claim." Pet. Writ of Habeas Corpus at 50. The state habeas court concluded that Perez had not established prejudice as a result of this alleged deficiency of trial counsel. *Perez*, 2011 WL 4347038, at \*1.

At the habeas hearing, Perez testified he agreed to help a friend hide the weapon used in the incident in West Redding, Connecticut on April 16, 1994. *See* Resp'ts' Mem Opp'n Pet. Writ Habeas Corpus, App. EE, ECF Nos. 18-51, Hab. Tr. at 52, 55-56. He and his friend drove to his sister's house in the Bronx to hide the gun in a box he kept at the house. *See id.* at 57. At the criminal trial, a New York detective testified that he executed a search warrant at Perez's sister's home on April 22, 1994

---

defendant's right to counsel was not violated. *Id.*

and seized a semi-automatic pistol from a box in the bedroom. *See id.*, App. DD, ECF No. 18-44, at 97-98. The gun was admitted as an exhibit at Perez's criminal trial. *See id.*, App. DD, ECF No. 18-45, at 53. At the habeas hearing, Perez offered conflicting testimony regarding the search and seizure of the gun. He testified both that the warrant was invalid and that no warrant existed at all. *See id.*, App. EE, ECF No. 18-51, at 58-59. He conceded a detective testified at the criminal trial that the gun was seized using a warrant but claimed that the warrant was invalid because it could not have included the street address of his sister's home because the witness knew the building location but not the street number. *Id.* at 59-62.

Perez's claim that counsel was ineffective in failing to challenge the warrantless search and seizure of the gun is contradicted by Perez's own testimony at the habeas hearing that the gun was seized during the execution of a warrant. Given Perez's contradictory testimony at the habeas hearing, it was not unreasonable for the Connecticut Superior Court judge to conclude that Perez had not demonstrated prejudiced by his counsel's failure to investigate or move to suppress the seizure of the gun on the basis that it was seized during a warrantless search of his sister's home. Indeed, Perez admitted that he agreed to hide the weapon used in the burglary, and thus he was likely criminally culpable as an accessory and counsel would be ineffective if he advised him to testify to that. See *Strickland*, 466 U.S. at 691.

     5.    <u>Sub-Claim F</u>

In this Sub-Claim, Perez contends that trial counsel failed to interview and

present witnesses who would have provided him with an alibi defense. *See* Pet. Writ Habeas Corpus at 51. Perez did identify two alibi witnesses that counsel failed to call, Linda Romney and Paul Lucas. Romney testified at the habeas hearing that she was with Perez until 11:30 p.m. or 11:45 p.m. on April 15, 1994. *See id.*, App. EE, ECF No. 18-51, at 124, 131. She was not able to confirm Perez's whereabouts at the time that the victim testified he had been held at gunpoint on April 16, 1994. *Id.* at 120-131. Thus, Perez did not demonstrate that the outcome of the trial would have been different if counsel had called Romney as a witness.

Perez did not call Lucas as a witness at the habeas hearing. Without his testimony, it was not clear that Lucas could have served as an alibi for Perez. The conclusion reached by the Connecticut Superior Court that Perez had not demonstrated prejudice as a result of counsel's failure to interview potential alibi witnesses before trial or call potential alibi witnesses to testify at trial constitutes a reasonable application of *Strickland*.

### 6.    Sub-Claim G

In this Sub-Claim, Perez contends that trial counsel failed to object to misleading and erroneous jury instructions. Pet. Writ Habeas Corpus at 51. The habeas court concluded that Perez had not established prejudice as a result of these alleged deficiencies of trial counsel. *Perez*, 2011 WL 4347038, at *1.

As discussed above, Perez raised multiple claims regarding the instructions issued by the judge to the jury at the conclusion of his criminal trial. The Connecticut Appellate Court determined that the instruction given for the offense of burglary in

the first degree read as part of the jury charge "as a whole, did not mislead the jury and was a proper statement of the law" and that "it was not reasonably possible that the court's instructions [on the offense of burglary in the second degree with a firearm] misled the jury or that the instructions were legally deficient." *Perez,* 78 Conn. App. at 636-38, 828 A.2d at 645-46. Perez alleges that trial counsel should have objected to these same jury instructions. The failure to object to instructions that were later upheld by the Connecticut Appellate Court on appeal cannot constitute deficient performance. Nor is there evidence that had counsel objected to the jury instructions, the result of the trial would have been different. The habeas court's determination that Perez had not demonstrated that he was prejudiced by counsel's decision not to object to the trial judge's jury instructions is a reasonable application of Supreme Court law.

   7.   **Sub-Claim H**

   In this Sub-Claim, Perez alleges that trial counsel failed to conduct a presentence investigation and failed to meet with him prior to sentencing. In addition, he asserts counsel failed to inform the sentencing judge that he requested final disposition of the charges and waived extradition. Perez contends that without this information, the judge sentenced Perez to a consecutive thirty-five-year sentence that was not authorized by the IAD. *See* Pet. Writ Habeas Corpus at 51-52. The habeas court concluded that Perez had not established prejudice as to these alleged deficiencies of trial counsel. *Perez,* 2011 WL 4347038, at *1.

Perez did not address or offer evidence in support of this claim at the habeas hearing. Thus, he did not explain how the outcome of the sentencing hearing would have been different had counsel investigated before the hearing or had mentioned his waiver of extradition pursuant to the IAD. The transcript of Perez's sentencing hearing reflects that the State of Connecticut completed a presentence investigation report on Perez and that Perez, after reviewing it with his attorney, did not object to the report on a substantive basis. *See* Resp'ts' Mem. Opp'n Pet. Writ Habeas Corpus, App. DD, ECF No. 18-50. Furthermore, the judge permitted Perez to make a statement at the hearing. *See id.* As such, the conclusion reached by the habeas court that Perez had not demonstrated prejudice as a result of counsel's failure to conduct an investigation in connection with his sentencing hearing and to inform the judge about his extradition under the IAD constitutes a reasonable application of *Strickland.*

## V.   Conclusion

The Court may not review the claim of trial court error pertaining to the restriction on Perez's right to communicate with his attorney during the suppression hearing, the claim of an improper jury instruction on the charge of robbery in the first degree, and claim that insufficient evidence existed to support the jury's finding that Perez was guilty of robbery in the first degree that are asserted in the Petition for Writ of Habeas Corpus, [ECF No. 1], because those claims are procedurally defaulted.  The remaining claims asserted in the Petition for Writ of Habeas Corpus, [ECF No. 1], are DENIED.

Perez has not shown that he was denied a constitutionally or federally

protected right. Thus, any appeal from this order would not be taken in good faith and a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment against the petitioner and close this case.

SO ORDERED at Hartford, Connecticut this 23rd day of February 2021.

_____/s/_____
Vanessa L. Bryant
United States District Judge